*The New York Times* | https://nyti.ms/2AhPKeV

# Officers Said They Smelled Pot. The Judge Called Them Liars.

Courts in New York have long ruled that if a car smells like pot, the police can search it. But now, a backlash is mounting.

 By **Joseph Goldstein**

Published Sept. 12, 2019   Updated Sept. 13, 2019

*[What you need to know to start the day: Get New York Today in your inbox.]*

Police officers can often justify a search with six words: "I smelled an odor of marijuana."

Courts in New York have long ruled if a car smells like marijuana smoke, the police can search it — and, according to some judges, even the occupants — without a warrant.

But in late July, a judge in the Bronx said in a scathing opinion that officers claim to smell marijuana so often that it strains credulity, and she called on judges across the state to stop letting police officers get away with lying about it.

"The time has come to reject the canard of marijuana emanating from nearly every vehicle subject to a traffic stop," Judge April Newbauer wrote in a decision in a case involving a gun the police discovered in car they had searched after claiming to have smelled marijuana.

She added, "So ubiquitous has police testimony about odors from cars become that it should be subject to a heightened level of scrutiny if it is to supply the grounds for a search."

It is exceedingly rare for a New York City judge to accuse police officers of routinely lying to cover up illegal searches, but Judge Newbauer's decision does exactly that. Her decision also shows how marijuana's status as contraband remains deeply embedded in the criminal justice system, even as the police and prosecutors have begun to wind down arrests and prosecutions for marijuana.

At the height of the stop-and-frisk era, nearly a decade ago, the police were arresting some 50,000 New Yorkers a year for low-level marijuana offenses, more than 85 percent of whom were black or Hispanic. The arrests have since plummeted, but the presence of a marijuana odor — real or purported — still serves as a justification to detain people and search them, sometimes leading to the discovery of more serious contraband, including guns, police officers and lawyers say.

One woman who served on a grand jury in Brooklyn late last year recalled hearing officers in three separate cases claim to have "detected a strong odor of marijuana" and use it as justification for a stop or a search.

"They said it very formulaically," the woman, Batya Ungar-Sargon, who is the opinion editor at The Forward, recalled.

Such testimony can be the final word on whether a search was lawful or unconstitutional, especially in New York. Some other states have more stringent rules. North Carolina, for instance, does not allow the smell of pot to justify a search of the occupants of the vehicle.

In 2016, a federal judge in Rochester concluded that the rule in New York was unconstitutional and that New York judges had been wrong to allow such searches. But that decision has had little bearing in New York City.

Lawmakers in Albany considered intervening this year: A marijuana legalization bill under debate specifically forbade officers from relying on the "odor of cannabis" for some searches. The bill did not pass. Instead, lawmakers opted to reduce the penalties for possessing or smoking marijuana.

Car stops have become an increasingly important part of the New York City department's patrol strategy ever since political pressure began forcing the department to back away from stopping and frisking black and Hispanic men in large numbers, police officers say.

Looser enforcement and more lenient penalties have made the open use of marijuana — along with its unmistakable, pungent scent — more common on city streets and elsewhere.

Still, several officers said in interviews that they had doubts their colleagues consistently told the truth about what they had smelled. "Certain cops will say there is odor of marijuana, and when I get to the scene, I immediately don't smell anything," one Bronx officer, Pedro Serrano, said in a 2018 article in The New York Times. "I can't tell you what you smelled, but it's obvious to me there is no smell of marijuana."

In an interview last month, Officer Serrano said he still believed that to be the case. Officer Serrano, who currently works a desk job and is not out on patrol, is one of several current and former officers suing the Police Department over what they describe as arrest quotas.

A Manhattan detective, who spoke on condition of anonymity because he was not authorized to speak for the department, said it would be very difficult to prove what an officer did or did not smell.

But the detective said he had come to believe that some officers, particularly in plainclothes units, lied about having smelled marijuana because of how frequently he heard it used as justification for a search.

In recent years, at least five other judges have concluded in individual cases that officers likely lied about smelling marijuana to justify searches that turned up an unlicensed firearm, according to court documents. These judges came to doubt the police testimony for a range of reasons, such as discrepancies within an officer's account or among officers, according to a review of the five decisions.

These judges have generally questioned only the credibility of individual officers in individual cases. Judge Newbauer's claim was much broader: that there is widespread lying.

A Police Department spokesman, Al Baker, rejected that assertion as untrue. He noted that marijuana "gives off a distinctive and pervasive odor."

"We recognize that judges arrive at their decisions with their own sets of values and insights informed by life experiences," Mr. Baker said in a statement. "Nonetheless, we categorically reject the judge's baseless assertion in this case and refute her sweeping assertion that police officers routinely fabricate that the odor of marijuana is present in every vehicle they stop."

Log in or create a free New York Times account to continue reading in private mode.

Create a free account

Log In

Support independent journalism.
See subscription options